FILED
JUN 28 2011
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| **MARCIA PLAMBECK,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**THE KROGER COMPANY, ANTHEM** )<br>**INSURANCE COMPANIES, INC., D/B/A** )<br>**ANTHEM BLUE CROSS BLUE SHIELD,** )<br>**AND ANTHEM UM SERVICES, INC.** )<br>)<br>Defendants, ) | CIVIL ACTION NO. 11-5054<br><br>COMPLAINT |

COMES NOW the Plaintiff, Marcia Plambeck, by and through her attorney of record, and for her Complaint and cause of action against the above-named Defendants, does hereby state and allege as follows:

## JURISDICTION

1.  Plaintiff alleges that her claims are brought as an insurance beneficiary under an employee benefit plan as defined by Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et. seq.* and that the subject employee benefit plan constitutes a "plan under ERISA." Therefore, this Court's jurisdiction is invoked pursuant to ERISA § 502 (a) *et. seq.*, 29 U.S.C. § 1132(e).

2.  Venue is proper within the Western District of South Dakota pursuant to 29 U.S.C. § 1132(e) (2) because the plan is administered within this district.

3.  The Plaintiff has exhausted the internal appeals and external review processes offered through Defendants.

4.  Plaintiff Marcia Plambeck is a resident of Rapid City, South Dakota.

5. Defendant THE KROGER COMPANY, is a corporation authorized to conduct business within the state of South Dakota; that THE KROGER COMPANY'S primary place of business is Cincinnati, Ohio; that THE KROGER COMPANY is the plan administrator of the plan hereinfter described.

6. Defendant ANTHEM INSURANCE COMPANIES, INC., D/B/A ANTHEM BLUE CROSS BLUE SHIELD (hereinafter "BCBS") is, and at all times relevant hereto was, a corporation duly authorized to do business as an insurance company under the laws of the State of South Dakota.

7. Defendant ANTHEM UM SERVICES, INC. is and at all times relevant hereto was, a corporation duly authorized to do business in the State of South Dakota; that ANTHEM UM SERVICES, INC.'s primary place of business is Pomona, California.

## FACTS

8. Defendant THE KROGER COMPANY established a self-funded health plan for its employees and other defined beneficiaries, as governed by the Employee Retirement Income Security Act of 1974.

9. At all times relevant hereto, Defendant THE KROGER COMPANY purchased a health insurance plan from Defendant BCBS. Thereafter, BCBS became the source of the health insurance benefits provided to THE KROGER COMPANY'S employees and other beneficiaries. BCBS was the claims administrator for this plan.

10. At all times relevant hereto, Defendant ANTHEM UM SERVICES, INC. was hired by, or otherwise contracted with, BCBS or THE KROGER COMPANY to provide administrative services for this self-funded health insurance plan.

11. Defendants BCBS and ANTHEM UM SERVICES, INC. served as agents of Defendant THE KROGER COMPANY for matters relating to the health care plan.

12. At all times relevant hereto, Plaintiff Marcia Plambeck was a beneficiary of a self-funded health insurance plan provided to her husband, Joseph H. Plambeck, by his employer Loaf 'N Jug, a division of THE KROGER COMPANY. The proper name of the plan is the Kroger Company Health and Welfare Benefit Plan and the policy number for this plan is KROAN0396146.

13. As a plan beneficiary, Plaintiff is owed the same fiduciary duties as is owed to her husband.

14. Plaintiff suffered from lower back pain and sought medical treatment for her condition.

15. In Spring 2008, Plaintiff contacted the Laser Spine Institute, LLC (hereinafter "LSI") in Tampa, Florida for medical assistance for her lower back pain.

16. A lumbar spine MRI showed degenerative disc disease at L1/2, L2/3, L3/4, L4/5 and L5/S1, annular tear and bulging disc at L1/2, L2/3, L3/4 and L4/5, bulging disc at L5/S1, and foraminal stenosis, right greater than left at L3/4, bilateral at L4/5 and left greater than right at L5/S1 and facet hypertrophy at L3/4, L4/5 and L5/S1. Other medical assessments were also performed.

17. Surgery was recommended by physicians at LSI for destruction by thermal ablation of the L3/4, L4/5 and L5/S1 facet joints.

18. Plaintiff contacted Defendants to pre-verify coverage.

19. On Plaintiff's behalf, LSI representatives also contacted Defendants to pre-verify or approve Plaintiff's medical benefits and to ascertain Plaintiff's out of pocket expenses for medical treatment.

20. LSI provided "CPT" codes to defendants for the medical treatment in order to pre-verify, pre-approve, and determine Plaintiff's out of pocket expense of treatment.

21. An agent of the Defendants told LSI that Plaintiff's out of pocket expense for the medical treatment would be $6,000.

22. On June 3, 2008, LSI informed Plaintiff that her out of pocket expense would be $6,000, based on Defendants' representation.

23. Based on this information, Plaintiff decided to undergo medical treatment at LSI.

24. Plaintiff prepaid for medical services by making a $30,000 down payment, with the belief that the amount would be refunded to her after defendants provided coverage, and minus her $6,000 out of pocket expense.

25. In order to make the $30,000 down payment, Plaintiff borrowed money from her IRA program.

26. After surgery was performed, Defendants challenged coverage for the medical treatment.

27. Plaintiff and LSI provided a "medical needs" letter to Defendants, dated October 29, 2008.

28. Eleven months after the surgery, on May 29, 2009, Defendants denied coverage on CPT Codes 64623 and 64622 as "not medically necessary or … experimental/investigational."

29. Plaintiff appealed these denials through Defendants appeals process.

30. Plaintiff's appeal was denied by a letter dated July 10, 2009. The treatment was deemed not "medically necessary."

31. Plaintiff appealed again, and on November 16, 2009, was denied because the treatment was deemed "investigational."

32. After denials, the outstanding claims for the surgery aspect of treatment totaled approximately $14,500.

33. After denials, the outstanding claims for the facilities aspect of treatment totaled approximately $33,000.

34. Because repayment was not made to her IRA within 60 days, Plaintiff incurred approximately $6,000 in fines from her IRA program.

## COUNT ONE – EQUITABLE RELIEF PURSUANT TO ERISA § 502(a)(3)

35. Plaintiff incorporates by reference each and every paragraph set forth herein.

36. Defendants act as fiduciaries of Plaintiff.

37. ERISA § 502 (a)(3) authorizes courts to provide "appropriate equitable relief" for violations of ERISA.

38. An agent of one or more of the Defendants made representations to Plaintiff, through her medical care providers, regarding plan coverage for the medical treatment at LSI.

39. This agent represented that Plaintiff's "out of pocket" liability for the medical care was $6,000.

40. Plaintiff detrimentally relied on this representation before receiving treatment at LSI.

41. After Plaintiff relied on this representation and underwent medical treatment, Defendants denied plan coverage for these medical expenses.

42. On the equitable theory of estoppel, based on the representations made by Defendants' agents, Defendants are prevented from arguing that the treatment provided at LSI was not a covered medical expense under the plan, or that they were "investigational" or "experimental."

43. On the equitable theory of estoppel, had the representations of Defendants' agents been true, Plambeck would have only incurred "out of pocket" expenses in the amount of $6,000.

44. On the equitable theory of estoppel, Plambeck is entitled to be in the same position she would have been had the representations been true.

45. On the equitable theory of surcharge or unjust enrichment, Plambeck is entitled to be "made whole" following the incorrect representations of Defendants.

46. On the equitable theory of reformation, the plan between the parties is subject to modification to cover preapproved surgical procedures, that were later deemed not "medically necessary," or "investigational," or "experimental."

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant and in favor of Plaintiff as follows:

1. For such sums as may be legally and equitably awarded for Plaintiff's economic and non-economic losses relating to these medical expenses;

2. For costs of this lawsuit including prejudgment interest;

3. For attorney's fees as provided by ERISA; and

4. For such other and further relief as may be just and equitable.

Dated this 28th day of June, 2011.

BY: _____
Terence R. Quinn
David S. Barari
GOODSELL QUINN, LLP
246 Founders Park Dr., Suite 201
P.O. Box 9249
Rapid City, SD 57709-9249
Tel: (605) 343-3000
Fax: (605) 343-3251
Attorneys for Plaintiff